IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JENNIFER LYNN LE BLANC, et. al., <br><br> Plaintiff(s), <br><br> v. <br><br> COUNTY OF TULARE, et al., <br><br> Defendant(s). | 1:04cv5971 DLB <br><br> ORDER RE MOTION IN LIMINE ON STANDARD OF PROOF <br><br> **Jury Trial: March 26, 2007, 9:00 a.m., Courtroom 9 (DLB)** |

Pursuant to the September 13, 2006 Pretrial Order, on March 9, 2007, the Court conducted a final pretrial conference and hearing on the parties' motions in limine. Robert Navarro appeared on behalf of plaintiff Dennis Le Blanc and Bruce D. Praet appeared on behalf of defendant Sgt. R. Wilkinson. On March 13, 2007, the Court issued its ruling on the parties' motions in limine with the exception of plaintiff's motion in limine regarding the standard of proof for plaintiff's Fourteenth Amendment Claim. The Court now issues its order on this motion in limine.

Plaintiff argues that Fourteenth Amendment Claims for loss of familial relationship in a civil rights case are judged under a "deliberate indifference" standard. Plaintiff argues that the

1

1  "shock the conscience" test set out in *County of Sacramento v. Lewis,* 523 U.S. 833 (1998) is
2  limited to factual situations involving police pursuits and similar developing emergencies where
3  there is no intent to harm suspects physically. *Id.* at 854.    Plaintiff argues the facts of this case
4  are different in that Lynne Le Blanc was killed during the execution of a 10 day old search
5  warrant which was considered a "soft knock" service.  The targets of the warrant, which decedent
6  was not, were known to the officers and were not violent.  There was no express expectation of
7  firearms in the house.  Plaintiff points out that deposition testimony has established that before
8  the bathroom door was opened, all other persons in the house were either handcuffed, in the
9  process of being handcuffed or were children too young to require handcuffing.  From plaintiff"'s
10 perspective, there was no "emergency" and the killing was deliberate and intentional.  Relying
11 primarily on *Bryd v. Guess*, 137 F.3d 1126 (9th Cir. 1998), plaintiff requests that the standard of
12 proof on the Fourteenth Amendment Claim be set no higher than that of "deliberate
13 indifference."

14        Defendant argues that pursuant to the test set out in *County of Sacramento v. Lewis,* 523
15 U.S. 833 (1998) the jury must be instructed and this case analyzed in terms of "whether [Sgt.
16 Wilkinson's] behavior was so egregious, so, outrageous, that it may fairly be said to shock the
17 contemporary conscience."  *Lewis*, 523, U.S. at 847, fn 8.  Defendant argues that in applying the
18 lesser "deliberate indifference" standard to the Fourteenth Amendment claims in *Bryd v. Guess*,
19 the Ninth Circuit relied on its earlier application of the "deliberate indifference" standard in
20 *Lewis v. County of Sacramento*, 98 F.3d 434 (9th Cir. 1996), which has now been expressly
21 reversed by the Supreme Court.  Defendant argues the Supreme Court has now changed the
22 standard upon which the *Bryd* court relied to one of "shock the conscience."

23        In *County of Sacramento v. Lewis,* the United States Supreme Court considered the
24 standard of culpability applicable to substantive due process claims arising from the
25 *unintentional* killing of an individual by law enforcement officers.  The Court held that "only a
26 purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of
27
28                                                                    2

arbitrary conduct shocking to conscience, necessary for a due process violation." *Lewis* at 834. However, in doing so, the Court also noted that "conduct deliberately intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscious shocking level."

While the Supreme Court limited its holding in *Lewis* to the facts of that case, i.e., unintentional conduct, guided by the decision in *Lewis*, even where the officers' conduct is intentional the question still turns on whether the officer had time to deliberate or was faced with rapidly changing conditions which would not lend itself to considered deliberation. "As the very term 'deliberate indifference' implies, the standard is sensibly employed only when actual deliberation is practical . . . " Lewis, 523 U.S. at 851, *citing*, *Whitley v. Albers*, 475 U.S. 312, 320 (1986). The Court emphasized that police officers are often required to make decisions in haste and explained:

> [W]hen unforeseen circumstances demand an officer's instant judgment, even precipitate recklessness fails to inch close enough to harmful purpose to spark the shock that implicates "the large concerns of the governors and the governed." Just as a purpose to cause harm is needed for Eighth Amendment liability in a riot case, so it ought to be needed for Due Process liability in a pursuit case.

*Id.* at 854-855.

Despite the intentional nature of the conduct at issue here, the Court cannot ignore this rational. Where the situation is more like the high speed chase presented in *Lewis* and there is not time to deliberate, the Court finds that the rational of *Lewis* precludes the use of the "deliberate indifference" standard and compels an "intent to harm in some way unjustifiable by any government interest" or "purpose to harm unrelated to a legitimate government interest" standard, either of which would necessarily "shock the conscience."

While the facts of this case are yet to be determined by a jury, this case clearly does not involve a custodial situation and is more closely analogous to a prison riot or a high speed chase. Officer Wilkinson was required to make an immediate decision regarding the use of force and did not have time to deliberate. Consequently, the Court concludes that conduct "intended to

3

1  injure in some way unjustifiable by any government interest" must be shown to satisfy the
2  "shocks the conscience" standard necessary for a due process violation in this case.
3        IT IS SO ORDERED.
4        **Dated:**   **March 19, 2007**                   **/s/ Dennis L. Beck**
   3b142a                                         UNITED STATES MAGISTRATE JUDGE

4