**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF LE BLANC, | CASE NO. CV-F-04-5971-DLB |
| Plaintiff, | ORDER ON PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REVISED BILL OF COSTS |
| vs. | |
| CITY OF LINDSAY, et al., | |
| Defendants. / | |

After a jury verdict, on April 4, 2007, a judgment was entered in favor of defendant Wilkinson and against plaintiff. On April 13, 2007, defendant submitted a Bill of Costs. On April 19, 2007, plaintiff filed objections to the Bill of Costs and on April 25, 2007, defendant submitted a revised Bill of Costs. On April 30, 2007, plaintiff filed objections to the revised Bill of Costs and on May 8, 2007, defendant filed a reply. On May 14, 2007, plaintiff filed a sur reply. Pursuant to Local Rule 78-230(h), this matter is submitted on the pleadings without oral argument. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**Background**

Pursuant to the revised bill of costs filed on April 25, 2007, defendant is seeking $10,363.52 in costs in five (5) categories: (1) fees of the clerk; (2) court reporter fees; (3) witness fees; (4) copying of documents; and (5) docket fees. The amount requested for each category and the amount taxed are as

follows:

    For fees to the Clerk of Court - $150.00.

    For court reporter fees - $6143.40.

    For fees to witnesses - $2292.65.

    For the copying of documents - $1469.97.

    For docket fees under 28 U.S.C. 1923 - 37.50.

## **Discussion**

Fed.R.Civ.P 54(d)(1) states:

> "Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Fed.R.Civ.P. Rule 54(d)(1). The types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. §1920. In pertinent part, 28 U.S.C. §1920 states:

    A judge or clerk of any court of the United states may tax as costs the following:

    (1) Fees of the clerk or marshal;

    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts . . .

District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs. *See, e.g., Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir.1993). Although prevailing defendants are normally entitled to their costs in civil rights actions, a court's discretion to deny a costs award against an unsuccessful plaintiff has been upheld where the issues were of the "gravest public importance" and the costs "extraordinarily high." Mandating an award to defendant in such cases "might have the regrettable effect of discouraging potential plaintiffs from bringing such cases at all." *Stanley*

*v. University of S.Cal.*, 178 F.3d. 1069, 1079 (9th Cir. 1999).

**A.     Deposition Costs**

Deposition transcripts are taxable as costs under 28 U.S.C. 1920(2). *Evanow v. M/V Neptune,* 163 F.3d 1108, 1118 (9th Cir. 1998) (Trial court did not abuse its discretion in awarding costs for trial exhibits, photocopies, court reporter fees, and deposition transcripts.). Costs of transcripts may be awarded only upon a showing that they were "necessarily obtained for use in the case." The transcripts need not be absolutely indispensable, it is enough if they are "reasonably necessary." Whether a transcript or deposition is "necessary" must be determined in light of the facts known at the time the expense was incurred, without regard to intervening developments that later render the transcript unnecessary. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

Plaintiff objects to the deposition costs regarding Elizabeth Clark, Ruby Mercier, Sr., Gary Mercier, Jr. and Steven Mercier on the ground that these deponents were plaintiffs who voluntarily dismissed their actions and in signing those dismissals, defendants agreed that each side would bear its own costs. In response defendant points out that plaintiff listed these individuals as witnesses for trial and defense counsel had to read the depositions and know what was included in the depositions to prepare for trial.

Plaintiff's objection to the depositions costs for the depositions of Elizabeth Clerk, Ruby Mercier, Gary Mercier, Sr. and Gary Mercier, Sr., and Steven Mercier is overruled. These individuals were witnesses to the incident and until August 2006, Ms. Clark was a plaintiff. At the time the depositions were taken (October 2005), the depositions were "reasonably necessary" for defendant's trial preparation.

Plaintiff's objection to the deposition costs for the depositions of witnesses Greg Simeral, Lucinda Terrell, Harl Buckridge and Robert Masterson is also overruled. As noted, whether a deposition is necessary is determined in light of the facts at the time the expense was incurred. Defendant's counsel could not have known in August 2005 that the parties would enter into a stipulation in March 2007 obviating the need for the depositions. Similarly, at the time of Mr. Masterson's deposition in August 2005, defendant's counsel could not have known that the Tulare County defendants would later be dismissed.

Plaintiff's objection to being taxed for both the stenographic transcription and the video tape recording for the depositions of Gary Mercier and Ruby Mercier is sustained. There has been no showing that videotaping was "necessary." *See Barber v. Ruth*, 7 F.3d at 645.

Nearly all of the court reporters' invoices show that the court reporter charged costs for a "Litigation Package" and "Handling and Delivery." There was no showing that such costs were necessary and these costs are therefore disallowed.

**B.   Witness Costs**

In addition to the per diem fees, a costs award is authorized to reimburse a witness' reasonable travel and lodging expenses. *See* 28 U.S.C. §§ 1821 & 1920(3). Section 1821 (c)(1) provides:

> A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

Plaintiff challenges the costs included for defendant's out of town expert witnesses' hotel rooms and travel expenses in the amount of $2,291.85. As to Mr. Williams, defendant has included hotel fees and air fare from Mr. Williams' place of business in Washington State to Cleveland, Ohio and then to Sacramento, California where he rented a car and drove to Fresno. Defendant explains that Mr. Williams had business in Cleveland and it would have required more time and expense to have him go home to Washington and turn around to Fresno. Defendant argues it would have cost more money to have Williams return to Washington prior to flying to Sacramento for trial.

The costs requested for witness travel and lodging for Mr. Williams are excessive. Reasonable airfare from Seattle, Washington to Fresno, California is $350.00. Including Mr. Williams' one night stay at the Hampton Inn for $194.57 and dining receipts for $62.41, the reasonable travel and lodging expenses for Mr. Williams total $606.98.

As to Mr. Stalcup, defendant requests a total of $837.36. While costly, plaintiff concedes that the going airfare rate for Mr. Stalcup's itinerary is $694.80 as requested by defendant. Including Mr. Stalcup's one night stay at the Townplace Suites for $133.28 and mileage of $10.08, the reasonable expenses for Mr. Stalcup total $828.08.

**C.     Clerk of Court Fees**

Defendant also seeks filing fees in the amount of $150.00 for his removal of the state court action filed by the minor Derris Le Blanc, which was later consolidate with the present case. These fees were not incurred in this action and therefore are disallowed.

**D.     Important Civil Rights Case**

Plaintiff argues that this was an important civil rights case and awarding costs would chill future litigation of similar police shooting cases by plaintiffs unable to afford such costs. As taxed, the Court does not find the costs in this case to be such that future litigants will be deterred. While the Court does not minimize the importance of the issues, the costs are not so "extraordinarily high" so as to result in such injustice. *See Stanley v. University of S.Cal.*, 178 F.3d. 1069, 1079 (9th Cir. 1999).

**Conclusion**

Based on the foregoing, the Court HEREBY Taxes Costs in the amount of $8,460.21 as follows:

1.    Court Reporter Fees - $5,428.40;

2.    Witness Fees – $1,524.34; .

3.    Copying of documents  – $1,469.97;

4.    Docket Fees - $37.50

Total taxed costs are: $8,460.21.

IT IS SO ORDERED.

Dated:    **September 28, 2007**                    **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE